BARBARA SECONGOST, Plaintiff in Error, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Defendant in Error.

### Kansas City Court of Appeals, April 3, 1893.

Lateral Support: ACTION FOR PLEADING. In· an action for withdrawing lateral support from plaintiff's lot, the *gravamen* is that the defendant owning the adjacent land dug away and excavated so near plaintiff's lot as to withdraw the support to the soil in its natural condition, and in consequence thereof it fell into the excavation to plaintiff's damage; and an allegation that defendant ran its trains and conducted its business on its railroad where such an excavation had been made without a retaining wall to protect plaintiff's lot, is insufficient.

*Error to the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*W. T. Pigott* and *D. W. Shackleford*, for plaintiffs in error.

The court erred in holding that land is not entitled to lateral support of adjoining land. *Charles v. Rankin,* 22 Mo. 566; *Busby v. Holtleans,* 46 Mo. 161; *Moellering v. Evans,* 22 N. E. Rep. 985.

*Jackson & Montgomery,* for respondent.

The petition does not state facts constituting a cause of action, because it is not alleged that there was any negligence or want of care or skill in the construction of the cut in the right of way. All damages arising from a proper construction are presumed to

have been paid in the original assessment, and a subsequent action cannot be maintained for the same, or for a failure to restore or maintain the lateral support thus authorized to be taken away. *Clark v. Railroad,* 36 Mo. 202–224; *McCormick v. Railroad,* 57 Mo. 433–439; *Hodge v. Railroad,* 39 Fed. Rep. 449–453; *Bellinger v. Railroad,* 23 N. Y. 42; *Ludlow v. Railroad,* 4 Hun, 239; *Water Co. v. Chambers,* 13 N. J. Eq. 199. The cost of constructing a retaining wall was a proper element of damages. *Thompson v. Railroad,* 27 Wis. 93; *Price v. Railroad,* 27 Wis. 98. And also the fact that cuts will be made in the construction of the railroad. *Railroad v. Doughty,* 2 Zabr. 495; *Railroad v. Story,* 96 Mo. 622; Revised Statutes, sec. 2543.

GILL, J.—From the allegations of her petition Mrs. Secongost seems to have been the owner of a town lot in Boonville, Missouri, which abuts on the right of way of a railroad operated by the defendant; and she seeks to recover damages to the lot by reason of a deep cut or excavation made on the right of way whereby the lateral support was withdrawn and a portion of plaintiff's lot was precipitated into the excavation. On the trial of the cause the circuit court sustained defendant's objection to the introduction of any evidence on the petition for the reason that the same stated no cause of action against the defendant, and from a judgment in defendant's favor plaintiff sued out this writ of error.

The ruling of the lower court was correct. From the most favorable light in which the case may be considered in behalf of plaintiff, she was not entitled to a recovery on the facts alleged in her petition. Admitting that defendant as the owner of the right of way had no right to excavate thereon so as to withdraw the lateral support to plaintiff's lot (and

such a position is very questionable under the decisions in this state), and yet the facts alleged in the petition make no case.

The *gravamen* of the charge in cases of this nature is, and must of necessity be, that defendant, owning the land immediately adjacent to the plaintiff's, dug away and excavated so near the plaintiff's lot as to withdraw the support to the soil in its natural condition, and that in consequence thereof it fell into such pit or excavation to the plaintiff's damage. It is this *digging away* the soil so near plaintiff's property as to cause it to fall away that makes up the wrong committed, and for which in such cases damages have been awarded. But the facts alleged in this petition make no such case. It is not alleged that defendant made the excavation. Defendant is not charged with having dug the pit or excavated on the right of way so as to cause this sliding away of plaintiff's lot. Who may have done this does not appear. The extent of defendant's offending, as alleged in the petition, is, that during the five years preceding the institution of the suit it ran its trains and conducted its business on this railroad where such an excavation had been made, and neglected to erect a retaining wall so as to protect plaintiff's lot, etc. For this defendant was not liable. As already said the plaintiff's damage, if any is recoverable, was chargeable to the party who committed the wrong—to the individual or corporation who did, or caused to be done, the excavation complained of.

Judgment affirmed. All concur.